UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| BRIANNA JEAN CARTER | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Cause No. 2:13-cv-400 |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Brianna Jean Carter applied for Disability Insurance Benefits and Supplemental Security Income on October 9, 2010, and Supplemental Security Income on October 25, 2010, alleging a disability onset date of September 2, 2010. (Tr. 170–81.) Her application was eventually denied by an Administrative Law Judge, and the Appeals Council declined to review the ALJ's decision. (Tr. 6–9.) Plaintiff filed this appeal. The Court remands the case for additional consideration.

I.

Plaintiff raises four main issues on appeal. She claims that the ALJ: failed to consider her memory and attention deficit as severe impairments; incorrectly assessed mental disorder listings; failed to incorporate her attention and memory deficits into the hypotheticals posed to the vocational expert; and erred in not finding that she did not meet Listing 1.04(A) (disorders of the spine).While for the most part the ALJ's decision is supported by substantial evidence, it is lacking in two respects.

1

First, Plaintiff complains that neither state agency psychological consultant considered whether her condition medically equaled Listing 12.02, and that neither state agency opinion was complete because both were made prior to the introduction of significant medical records supporting further impairment. Nineteen months after Dr. Kennedy's assessment, 490 pages of additional medical evidence, including Dr. Pueschel's neuropsychological report, Dr. Silberman's records, and records from Choice's Counseling, were added to the record. Plaintiff argues that the additional records may have resulted in a change relative to the finding of medical equivalence. The Commissioner responded that of the 490 pages, only 9 related to Plaintiff's mental impairment, and that this additional information based on two examinations conducted by Dr. Pueschel, did not undermine the opinions of Drs. Kennedy and Shipley.

The ALJ is required to consult with a medical expert on the issue of whether an impairment equals a Listing. *See* 20 C.F.R. § 404.1526(b). Such a decision is a medical judgment that cannot be reached by substituting the ALJ's lay opinion. *L.B.M. ex rel. Motley v. Astrue*, 2010 WL 1190326, *12 (S.D. Ind. March 23, 2010) (citing *Rohan v. Chater*, 98 F.3d 966, 970–71 (7th Cir. 1996)). In *L.B.M.*, the ALJ relied on the opinions of two state-agency psychologists' opinions submitted prior to the introduction of the medical reports prepared by the claimant's treating doctors. 2010 WL 1190326 at *13. At the time the state-agency psychologists reviewed the record, the only evidence included a form completed by the claimant's mother, a form completed by her teacher, and one report completed by an agency physician. *L.B.M.*, 2010 WL 1190326 at *13. The additional medical evidence was comprised of voluminous records from 2004 through 2007 related to the claimant's mental impairment. *L.B.M.*, 2010 WL 1190326 at *13. The court remanded the case for further consideration on this issue, explaining that the ALJ's reliance on the

state agency psychologists' opinions was misplaced because the opinions were rendered without consideration of the voluminous and material medical records. *L.B.M.*, 2010 WL 1190326 at *16.

Here, the ALJ likewise relied on the opinion of state-agency physicians that were made before the introduction of medical records. However, the parties dispute how much of this evidence related to Plaintiff's mental impairments and whether the additional records were material. Plaintiff refers the court to pages 464–872 of the record. Many of the notes within this range relate only to her physical impairments; however, the notes addressing Plaintiff's mental impairment certainly exceed the nine pages identified by the Commissioner. *See* Tr. 540–97, 676–80.

The Commissioner does not argue that consideration of whether Plaintiff's condition met or equaled Listing 12.02 would be futile because the evidence in no way supports consideration of this Listing, but that consideration of the additional nine pages of evidence would not have altered Dr. Kennedy's and Dr. Shipley's opinions because the medical evidence was not material. However, the court cannot be certain that this Listing even was considered by the physicians in their initial review because the record is devoid of any discussion of this Listing and of any medical opinion considering Listing 12.02. This is not a case, as the Commissioner urges, where the doctors' opinions would not be swayed by additional evidence because it is not material. Rather, no opinion was given at all. The regulations explain that the ALJ cannot determine whether the claimant does or does not satisfy a Listing without the guidance of a medical opinion and the record is devoid of any such opinion. Therefore, the ALJ must obtain an opinion and consider this Listing on remand.

Second, the only challenge Plaintiff raised with respect to her physical impairments was to

3

the ALJ's conclusion that she did not meet Listing 1.04(A). Listing 1.04(A) states that an individual is disabled if she meets the following criteria:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. § 404.1520(d); 20 C.F.R. Pt. 404, Subpt. P, App. 1.

The Commissioner argues that Plaintiff has not identified any evidence that she actually satisfied this Listing and that the record is devoid of evidence of motor loss and sensory or reflex loss. However, Plaintiff's September 2011 EMG showed ulnar motor neuropathy and right sensory neuropathy. Neuropathy is a "syndrome of sensory, motor, reflex, and vasomotor symptoms . . . sensory loss, muscle weakness, atrophy, and decreased deep tendon reflexes are the hallmarks of peripheral nerve disease." *The Merck Manual of Diagnosis Therapy*, Fifteenth Edition, 1443 (1987). Plaintiff also continued to have tingling, numbness, pain, and weakness in her arms, difficulty moving her arm, and leg pain, numbness, and weakness. These records show that Plaintiff experienced motor, sensory, and reflex loss. The ALJ should have addressed Plaintiff's neuropathy and the notes documenting the tingling, numbness, weakness, and difficulty moving her arms and leg. Because the ALJ failed to address evidence that directly was contrary to his conclusion, he must do so on remand.

II.

It's unnecessary to delve into the details of Plaintiff's other contentions. The ALJ adequately addressed Plaintiff's attention and memory deficits in conjunction with his Listing analysis and did account for them in the hypothetical to the vocational expert by providing limitations to unskilled work in his residual functional capacity. However, these conditions overlap with Plaintiff's overall mental health and will have to be considered again in conjunction with any changes, if at all, to Plaintiff's residual functional capacity determination.

III.

The Court reverses the Commissioner's decision and remands the case for further consideration as explained above.

SO ORDERED on March 31, 2015.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE